## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LPL FINANCIAL, LLC,
4707 Executive Drive
San Diego, CA 92121

              Petitioner,

v.

MARY CECELIA COLLINS, as Surviving Trustee of
the DAVID C. and MARY C. COLLINS FAMILY
TRUST dated 01/20/97; MARY CECELIA COLLINS,
as Trustee of the MARY C. COLLINS 1997 TRUST
U/A dated 01/20/1997; and MARY CECELIA
COLLINS, as Successor Trustee of the DAVID C.
COLLINS 1997 TRUST U/A dated 01/20/1997,

Serve at:
3876 Learning Tree Lane
Delaplane, VA 20144

              Respondent.

Case No. 1:25-cv-03935

## PETITIONER'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

### PRELIMINARY STATEMENT

1.     Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (the "Federal Rules"), Petitioner LPL Financial, LLC ("Petitioner) moves in this Court for judgment by default against Respondent Mary Cecelia Collins, as Surviving Trustee of the David C. and Mary C. Collins Family Trust dated 01/20/97; Mary Cecelia Collins, as Trustee of the Mary C. Collins 1997 Trust U/A dated 01/20/1997; and Mary Cecelia Collins, as Successor Trustee of the David C. Collins 1997 Trust U/A dated 01/20/1997 ("Respondent").

2.     The facts set forth in the Petition to Confirm Arbitration Award (ECF No. 1) establish that Petitioner is entitled to confirmation of the FINRA Arbitration Award's denial of all

claims brought by Respondent in the underlying Arbitration.

## STATEMENT OF FACTS

3.      For a full recitation of the facts underlying the Petition, the Court is respectfully directed to the Petition to Confirm Arbitration Award (ECF No. 1 and attached hereto as **Exhibit A**), which is fully incorporated by reference herein and made a part hereof.  The Petition was served upon Respondent on November 21, 2025 (*see* ECF Nos. 5, 6, and 7), and such service was acknowledged by Bernard M. Resser, Esq., counsel for Respondent, on December 10, 2025.  On that date, counsel for Respondent informed Petitioner that Respondent "will not be opposing the petition, and the form of judgment appears to be in order." (Declaration of Nicholas C. Friedman, Esq. ("Friedman Declaration") at ¶ 4.)  Petitioner then sent counsel for Respondent a proposed consent judgment, but on January 5, 2026, counsel for Respondent declined to sign, writing "none of us on this case [are] admitted to [the U.S. District Court for the District of Columbia], so we cannot sign."  *Id*. at ¶ 5.  Counsel for Respondent further wrote "[y]ou can inform the Court that Respondents (Claimants in Arbitration) have no objection to confirmation of the arbitration award, provided there is no award of fees or costs."  *Id*.

## ARGUMENT

### I.      Petitioner is Entitled to Entry of a Default Judgment Against Respondent

4.      The Court should enter Final Judgment against Respondent.  Rule 55(a) of the Federal Rules provides for entry of a default judgment "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp.2d 64, 67 (D.D.C. 2011) (quoting Fed. R. Civ. P. 55(a)).  A defaulting defendant "is deemed to admit every well-pleaded allegation in the complaint." *Argonaut Ins. Co. v. Lynchburg Steel & Specialty Co.*, 308 F. Supp.3d 218, 221

2

(D.C.C. 2018) (quoting *Adkins v. Teseo*, 180 F. Supp.2d 15, 17 (D.D.C. 2001)).

5.      "In determining whether the entry of a default judgment is appropriate, the District of Columbia Circuit has announced three criteria to consider: (1) whether the defendant's lack of a response was willful; (2) whether not entering a default would prejudice the plaintiff; and (3) whether the defendant will likely assert a meritorious defense." *Savage v. Scales*, 310 F. Supp.2d 122, 127 (D.D.C. 2004) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  Here, there can be no doubt that the first prong of this test has been met, as Respondent has acknowledged service of the Petition and indicated that she does not intend to respond, plead, or otherwise oppose the Petition.  (Friedman Declaration ¶¶ 4-5).  The second prong is satisfied because Petitioner has prevailed in the underlying Arbitration and would suffer prejudice if it is denied full and final confirmation of the Arbitration Award.  Finally, the third prong is met because Respondent has indicated that she has no intention of setting forth any defense to the Petition.  *Id*.

## CONCLUSION

6.      For the foregoing reasons, Petitioner respectfully requests that the Court enter an order, in substantially the form of that attached hereto as **Exhibit B**, granting Default Judgment pursuant to Federal Rule 55(b)(2) and confirming the FINRA Arbitration Award in all respects.

Dated: January 13, 2026

GREENBERG TRAURIG, LLP

By: */s/ Timothy C. Bass*
Timothy C. Bass (DC Bar No. 457109)
1750 Tysons Boulevard
Suite 1000
McLean, VA 22102
Tel:  703.749.1367
Fax: 703.749.1301
Email: basst@gtlaw.com
*Attorneys for Petitioner LPL Financial, LLC*

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LPL FINANCIAL, LLC,<br>4707 Executive Drive<br>San Diego, CA 92121<br><br>                      Petitioner,<br><br>v.<br><br>MARY CECELIA COLLINS, as Surviving Trustee of the DAVID C. and MARY C. COLLINS FAMILY TRUST dated 01/20/97; MARY CECELIA COLLINS, as Trustee of the MARY C. COLLINS 1997 TRUST U/A dated 01/20/1997; and MARY CECELIA COLLINS, as Successor Trustee of the DAVID C. COLLINS 1997 TRUST U/A dated 01/20/1997,<br><br>Serve at:<br>3876 Learning Tree Lane<br>Delaplane, VA 20144<br><br>                      Respondent. | Case No. 1:25-cv-03935<br><br>**DECLARATION IN SUPPORT OF PETITIONER'S MOTION FOR DEFAULT JUDGMENT** |

**NICHOLAS C. FRIEDMAN**, an attorney licensed to practice in the courts of New York, New Jersey, and the United States District Court for the Southern District of New York, declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

1. I serve as counsel for Petitioner LPL Financial, LLC ("Petitioner") in the underlying FINRA Arbitration for which Petitioner seeks confirmation of the FINRA Arbitration Award.

2. I make this Declaration in support of Petitioner's Motion for Default Judgment against Respondent.

3. This action was commenced on November 13, 2025 by the filing of the Petition to

Confirm Arbitration Award.  (ECF No. 1.)

4.    Respondent was personally served with the Petition on November 21, 2025.  (ECF Nos. 5, 6, and 7.)  Counsel for Respondent, Bernard M. Resser, acknowledged said service by email on December 10, 2025 and stated that Respondent "will not be opposing the petition, and the form of judgment appears to be in order."

5.    The undersigned subsequently emailed a proposed consent judgment to counsel for Respondent on December 11, 2025.  On January 5, 2026, counsel for Respondent replied that "none of us on this case [are] admitted to [the U.S. District Court for the District of Columbia], so we cannot sign."  His email further stated "[y]ou can inform the Court that Respondents (Claimants in Arbitration) have no objection to confirmation of the arbitration award, provided there is no award of fees or costs."

6.    Annexed hereto as Exhibit A is a true and correct copy of the FINRA Arbitration Award issued on October 7, 2025 in FINRA Case No. 21-02911.

7.    Annexed hereto as Exhibit B is a proposed form of judgment.

Dated:  White Plains, New York
        January 12, 2026

> Respectfully submitted,
>
> */s/ Nicholas C. Friedman*
> Nicholas C. Friedman
> Greenberg Traurig, LLP
> 1 North Lexington Avenue, Suite 800
> White Plains, New York 10601
> Telephone: (212) 801-2253
> nicholas.friedman@gtlaw.com

2

# EXHIBIT A

**Award**
**FINRA Dispute Resolution Services**

In the Matter of the Arbitration Between:

| | |
|---|---|
| <u>Claimants</u> | Case Number: 21-02911 |
| Mary Cecelia Collins, as Surviving Trustee of the David C. and Mary C. Collins Family Trust dated 01-20-97; Mary Cecelia Collins, as Trustee of the Mary C. Collins 1997 Trust U/A dated 01/20/1997; and Mary Cecelia Collins, as Successor Trustee of the David C. Collins 1997 Trust U/A dated 01/20/1997 | |

   vs.

| | |
|---|---|
| <u>Respondents</u> | Hearing Site: Washington, D.C. |
| Westside Investment Management, Inc., a California Corporation; James M. Frawley; and LPL Financial, LLC, a California Limited Liability Company | |

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customers vs. Non-Member, Associated Person, and Member

This case was decided by an all-public panel.

The evidentiary hearing was conducted partially by videoconference.

## <u>REPRESENTATION OF PARTIES</u>

For Claimants Mary Cecelia Collins, as Surviving Trustee of the David C. and Mary C. Collins Family Trust dated 01-20-97; Mary Cecelia Collins, as Trustee of the Mary C. Collins 1997 Trust U/A dated 01/20/1997; and Mary Cecelia Collins, as Successor Trustee of the David C. Collins 1997 Trust U/A dated 01/20/1997: Bernard M. Resser, Esq., Barton LLP, Santa Monica, California; and James E. Heavey, Esq. and Michael C. Ward, Esq., Barton LLP, New York, New York.[1]

---

[1] Counsel also represented Claimants David Christopher Collins, an Individual, Mary Ceclia Collins, an Individual, David Christopher Collins and Mary Cecelia Collins, as Trustees of the David C. and Mary C. Collins Family Trust dated 01-20-97, and David Christopher Collins, as Trustee of the David C. Collins 1997 Trust U/A dated 01/2/1997, prior to these Claimants being removed or substituted after the passing of David Christopher Collins.

FINRA Dispute Resolution Services
Arbitration No. 21-02911
Award Page 2 of 9

For Respondents Westside Investment Management, Inc., a California Corporation ("Westside"); and James M. Frawley ("Frawley"): Kevin K. Fitzgerald, Esq. and Catherine L. Dellecker, Esq., JonesBell LLP, Los Angeles, California.

For Respondent LPL Financial, LLC, a California Limited Liability Company ("LPL"): George D. Sullivan, Esq. and Nicholas C. Friedman, Esq., Greenberg Traurig, LLP, New York, New York; and Steven M. Malina, Esq., Greenberg Traurig, LLP, Chicago, Illinois.

## CASE INFORMATION

Statement of Claim filed by Claimants on or about: November 24, 2021.
David Christopher Collins, an Individual, signed the Submission Agreement: November 23, 2021.
Mary Cecelia Collins, an Individual, signed the Submission Agreement: November 23, 2021.
David Christopher Collins and Mary Cecelia Collins, as Trustees of the David C. and Mary C. Collins Family Trust dated 01-20-97, signed the Submission Agreement: November 23, 2021.
Mary Cecelia Collins, as Trustee of the Mary C. Collins 1997 Trust U/A dated 01/20/1997, signed the Submission Agreement: November 23, 2021.
David Christopher Collins, as Trustee of the David C. Collins 1997 Trust U/A dated 01/20/1997, signed the Submission Agreement: November 23, 2021.

Statement of Answer filed by Respondents Westside and Frawley on or about: February 17, 2022.
Respondent Westside signed the Submission Agreement: January 12, 2022.
Respondent Frawley signed the Submission Agreement: January 12, 2022.

Statement of Answer filed by Respondent LPL on or about: February 17, 2022.
Respondent LPL signed the Submission Agreement: February 17, 2022.

Amended Statement of Claim filed by Claimants on or about: January 26, 2023.
Mary Cecelia Collins, as Surviving Trustee of the David C. and Mary C. Collins Family Trust dated 01-20-97, signed the Submission Agreement: October 6, 2025.
Mary Cecelia Collins, as Successor Trustee of the David C. Collins 1997 Trust U/A dated 01/20/1997, signed the Submission Agreement: October 6, 2025.

Statement of Answer to Amended Statement of Claim filed by Respondent LPL on or about: March 22, 2023.

## CASE SUMMARY

In the Statement of Claim, as amended, Claimants asserted the following causes of action: fraud and deceit against Respondents Westside and Frawley pursuant to Cal. Civil Code § 1710(1) ("Count I"); negligent misrepresentation against Respondents Westside and Frawley pursuant to Cal. Civil Code § 1710(2) ("Count II"); suppression of fact against Respondents Westside and Frawley pursuant to Cal. Civil Code § 1710(3) ("Count III"); damages for securities transactions made through material misrepresentation or fraud against Respondents Westside and Frawley pursuant to Cal. Corp. Code § 25401 ("Count IV"); damages for securities transactions made through material misrepresentation or fraud against Respondent LPL as materially assisting persons pursuant to Cal. Corp. Code § 25401 ("Count V"); damages for

negligence against Respondent LPL ("Count VI"); damages for financial elder abuse against all Respondents ("Count VII"); and damages for breach of fiduciary duty against Respondents Westside and Frawley ("Count VIII"). The causes of action relate to Claimants' allegations, among other things, that Respondents Westside and Frawley chose and executed a securities trading strategy involving a covered call options trading strategy that was not suitable for the Claimants' investment objectives for their holdings in Apple, Inc. shares and that Respondent LPL failed to require Respondents Westside and Frawley to comply with Respondent LPL's rules and failed to properly review Respondents Westside and Frawley's reports to Claimants, which review would have uncovered the alleged scheme that Respondents Westside and Frawley had been perpetuating with these highly misleading spreadsheets.

Unless specifically admitted in the Statement of Answer, Respondents Westside and Frawley denied the allegations made in the Statement of Claim, as amended, and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer or Statement of Answer to Amended Statement of Claim, Respondent LPL denied the allegations made in the Statement of Claim, as amended, and asserted various affirmative defenses.

## **RELIEF REQUESTED**

In the Statement of Claim, as amended, Claimants requested:

A. On Count I, an Order (1) directing Respondents Westside and Frawley to pay monetary damages to Claimants for: (a) options trading losses in amount of at least $62,497,621.00; (b) unearned advisory fees totaling at least $1,874,367.81; and (c) other damages and losses associated with the accounts managed by Respondents Westside and Frawley and incurred to mitigate damages, all according to proof at the evidentiary hearing; (2) directing Respondents Westside and Frawley to pay exemplary and punitive damages to Claimants, according to proof;

B. On Count II, an Order directing Respondents Westside and Frawley to pay monetary damages to Claimants for: (a) options trading losses in amount of at least $62,497,621.00; (b) unearned advisory fees totaling at least $1,874,367.81; and (c) other damages and losses associated with the accounts managed by Respondents Westside and Frawley and incurred to mitigate damages, all according to proof at the evidentiary hearing;

C. On Count III, an Order (1) directing Respondents Westside and Frawley to pay monetary damages to Claimants for: (a) options trading losses in amount of at least $62,497,621.00; (b) unearned advisory fees totaling at least $1,874,367.81; and (c) other damages and losses associated with the accounts managed by Respondents Westside and Frawley and incurred to mitigate damages, all according to proof at the evidentiary hearing; (2) directing Respondents Westside and Frawley to pay exemplary and punitive damages to Claimants, according to proof;

D. On Count IV, an Order (1) directing Respondents Westside and Frawley to pay monetary damages to Claimants for: (a) options trading losses in amount of at least $62,497,621.00; (b) unearned advisory fees totaling at least $1,874,367.81; and (c) other

damages and losses associated with the accounts managed by Respondents Westside and Frawley and incurred to mitigate damages, all according to proof at the evidentiary hearing; (2) directing Respondents Westside and Frawley to pay exemplary and punitive damages to Claimants, according to proof;

E.  On Count V, an Order directing Respondent LPL to pay monetary damages to Claimants for: (a) options trading losses in amount of at least $62,497,621.00; (b) unearned advisory fees totaling at least $1,874,367.81; and (c) other damages and losses associated with the accounts managed by Respondents Westside and Frawley and incurred to mitigate damages, the amount to be determined at the evidentiary hearing;

F.  On Count VI, an Order directing Respondent LPL to pay monetary damages to Claimants for: (a) options trading losses in amount of at least $62,497,621.00; (b) unearned advisory fees totaling at least $1,874,367.81; and (c) other damages and losses associated with the accounts managed by Respondents Westside and Frawley and incurred to mitigate damages, the amount to be determined at the evidentiary hearing;

G.  On Count VII, an Order (1) directing all Respondents to pay monetary damages to Claimants for: (a) options trading losses in amount of at least $62,497,621.00; (b) unearned advisory fees totaling at least $1,874,367.81; and (c) other damages and losses associated with the accounts managed by Respondents Westside and Frawley and incurred to mitigate damages, all according to proof at the evidentiary hearing; (2) directing all Respondents to pay Claimants' attorneys' fees and costs incurred in this litigation pursuant to Welfare and Institutions Code section 15657.5(a); (3) directing Respondents Westside and Frawley to pay exemplary and punitive damages to Claimants, pursuant to Welfare and Institutions Code section 15657.5 and Civil Code section 3294, and according to proof;

H.  On Count VIII, an Order (1) directing Respondents Westside and Frawley to pay monetary damages to Claimants for: (a) options trading losses in amount of at least $62,497,621.00; (b) unearned advisory fees totaling at least $1,874,367.81; and (c) other damages and losses associated with the accounts managed by Respondents Westside and Frawley and incurred to mitigate damages, all according to proof at the evidentiary hearing; (2) directing Respondents Westside and Frawley to pay exemplary and punitive damages to Claimants, according to proof; and

I.  On all Counts, an Order (1) for costs of suit including all arbitration and arbitrators' fees and expenses; (2) for such other and further relief as the Panel deems just, proper, and equitable.

In the Statement of Answer, Respondents Westside and Frawley did not delineate a relief request.

In the Statement of Answer, and Statement of Answer to Amended Statement of Claim, Respondent LPL requested denial of Claimants' claims against Respondent LPL in their entirety with prejudice and such other relief that the Panel deems fair and equitable.

FINRA Dispute Resolution Services
Arbitration No.  21-02911
Award Page 5 of 9

## **OTHER ISSUES CONSIDERED AND DECIDED**

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On or about January 26, 2023, Claimants filed a Motion for Leave to File an Amended Statement of Claim ("Motion") to, among other things, reflect the death of David Christopher Collins, and state that his widow, Mary Cecelia Collins, became the Surviving Trustee of the David C. and Mary C. Collins Family Trust dated 01-20-97, and the Successor Trustee of the David C. Collins 1997 Trust U/A dated 01/20/1997. On or about February 6, 2023, Respondent LPL filed a response noting that it did not object to the filing of the Amended Statement of Claim but reserved the right to file an Amended Statement of Answer in accordance with FINRA Rules 12303 and 12309. No response was filed by Respondents Westside and Frawley. On or about February 9, 2023, Claimants filed a reply in support of the Motion. On March 2, 2023, the Panel granted the Motion, and further, regarding Claimants naming "Does 1 – 100" as Respondents in the Amended Statement of Claim, the Panel ordered that no later than ten (10) days after completion of discovery, Claimants should amend their pleadings to either remove the unidentified parties or identify them by name.

As requested by the Panel, on or about March 17, 2025, Claimants filed a Motion to formally update the case caption set forth in their Amended Statement of Claim, which removed David Christopher Collins, an Individual, Mary Ceclia Collins, an Individual, David Christopher Collins and Mary Cecelia Collins, as Trustees of the David C. and Mary C. Collins Family Trust dated 01-20-97, and David Christopher Collins, as Trustee of the David C. Collins 1997 Trust U/A dated 01/20/1997, as Claimants, and added Mary Cecelia Collins, as Surviving Trustee of the David C. and Mary C. Collins Family Trust dated 01-20-97, and Mary Cecelia Collins, as Successor Trustee of the David C. Collins 1997 Trust U/A dated 01/20/1997, as Claimants. On March 21, 2025, the Panel issued an Order granting the Motion.

On September 19, 2025, the Panel issued an Order amending the case caption to the final caption as reflected in this Award, which removed "Does 1 – 100" as Respondents.

## **AWARD**

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.  Claimants' claims are denied in their entirety.

2.  Any and all claims for relief not specifically addressed herein, including any requests for punitive damages, treble damages, and attorneys' fees, are denied.

## **FEES**

Pursuant to the Code of Arbitration Procedure, the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

Initial Claim Filing Fee                                                    =$     2,300.00

## Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent LPL is assessed the following:

Member Surcharge                                                           =$     4,325.00
Member Process Fee                                                        =$     7,300.00

## Late Pre-Hearing Cancellation Fees

Fees apply when a pre-hearing conference is cancelled within three business days of the scheduled conference:

September 8, 2023, cancellation requested by the Parties          =$       100.00

Total Late Pre-Hearing Cancellation Fees                          =$       100.00

The Panel has assessed $50.00 of the late pre-hearing cancellation fees jointly and severally to Claimants.

The Panel has assessed $50.00 of the late pre-hearing cancellation fees jointly and severally to Respondents.

## Postponement Fees

Postponements granted during these proceedings for which fees were assessed or waived:

June 5-9, 2023, postponement requested by the Parties             =$     1,575.00

June 3-7, 2024, postponement requested by Respondent LPL          =$     1,575.00

July 22, 2025, postponement requested by Respondent LPL           =      WAIVED

Total Postponement Fees                                            =$     3,150.00

The Panel has assessed $1,575.00 of the postponement fees jointly and severally to Claimants.

The Panel has assessed $1,575.00 of the postponement fees jointly and severally to Respondents.

## Last-Minute Cancellation Fees

Fees apply when a hearing on the merits is cancelled within ten calendar days before the start of a scheduled hearing session:

July 22, 2025, cancellation requested by Respondent LPL           =      WAIVED

Total Last-Minute Cancellation Fees                               =      WAIVED

FINRA Dispute Resolution Services
Arbitration No.  21-02911
Award Page 7 of 9

The Panel has waived the total last-minute cancellation fees.

**Discovery-Related Motion Fees**
Fees apply for each decision rendered on a discovery-related motion.

| | | |
|---|---|---|
| One (1) decision on a discovery-related motion on the papers with the Panel @ $600.00/decision | =$ | 600.00 |

Respondent LPL submitted one (1) discovery-related motion

| | | |
|---|---|---|
| Total Discovery-Related Motion Fees | =$ | 600.00 |

The Panel has assessed $300.00 of the discovery-related motion fees jointly and severally to Claimants.

The Panel has assessed $300.00 of the discovery-related motion fees jointly and severally to Respondents.

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Seven (7) pre-hearing sessions with a single Arbitrator @ $450.00/session | | =$ | 3,150.00 |
| Pre-Hearing Conferences: May 4, 2023 | 1 session | | |
| July 31, 2023 | 1 session | | |
| November 10, 2023 | 1 session | | |
| December 15, 2023 | 1 session | | |
| December 29, 2023 | 1 session | | |
| January 19, 2024 | 1 session | | |
| August 15, 2024 | 1 session | | |

| | | | |
|---|---|---|---|
| Four (4) pre-hearing sessions with the Panel @ $1,575.00/session | | =$ | 6,300.00 |
| Pre-Hearing Conferences: April 1, 2022 | 1 session | | |
| January 24, 2023 | 1 session | | |
| June 27, 2023 | 1 session | | |
| April 17, 2024 | 1 session | | |

| | | | |
|---|---|---|---|
| Thirty-four (34) hearing sessions @ $1,575.00/session | | =$ | 53,550.00 |
| Hearings: March 10, 2025 | 2 sessions | | |
| March 11, 2025 | 2 sessions | | |
| March 12, 2025 | 2 sessions | | |
| March 13, 2025 | 2 sessions | | |
| March 14, 2025 | 2 sessions | | |
| March 31, 2025 | 2 sessions | | |
| April 1, 2025 | 2 sessions | | |
| April 2, 2025 | 2 sessions | | |
| April 3, 2025 | 2 sessions | | |
| April 4, 2025 | 2 sessions | | |

FINRA Dispute Resolution Services
Arbitration No.  21-02911
Award Page 8 of 9

| | | |
|---|---|---|
| July 21, 2025 | 1 session | |
| July 23, 2025 | 2 sessions | |
| July 24, 2025 | 2 sessions | |
| July 25, 2025 | 2 sessions | |
| August 25, 2025 | 1 session | |
| August 27, 2025 | 2 sessions | |
| August 28, 2025 | 2 sessions | |
| August 29, 2025 | 2 sessions | |

Total Hearing Session Fees                                                    =$   63,000.00

The Panel has assessed $31,500.00 of the hearing session fees jointly and severally to Claimants.

The Panel has assessed $31,500.00 of the hearing session fees jointly and severally to Respondents.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

FINRA Dispute Resolution Services
Arbitration No.  21-02911
<u>Award Page 9 of 9</u>

## ARBITRATION PANEL

| | | |
|---|---|---|
| Patricia H. Latham | - | Public Arbitrator, Presiding Chairperson |
| Leslie E. Rossen | - | Public Arbitrator |
| Harry John D'Andrea | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## Concurring Arbitrators' Signatures

*Patricia H. Latham*
_____
Patricia H. Latham
Public Arbitrator, Presiding Chairperson

**10/07/2025**
_____
Signature Date

*Leslie E. Rossen*
_____
Leslie E. Rossen
Public Arbitrator

**10/06/2025**
_____
Signature Date

*Harry John D'Andrea*
_____
Harry John D'Andrea
Public Arbitrator

**10/06/2025**
_____
Signature Date

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

October 07, 2025
_____
Date of Service (For FINRA Dispute Resolution Services use only)

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LPL FINANCIAL, LLC,
4707 Executive Drive
San Diego, CA 92121

                    Petitioner,

v.

MARY CECELIA COLLINS, as Surviving Trustee of
the DAVID C. and MARY C. COLLINS FAMILY
TRUST dated 01/20/97; MARY CECELIA COLLINS,
as Trustee of the MARY C. COLLINS 1997 TRUST
U/A dated 01/20/1997; and MARY CECELIA
COLLINS, as Successor Trustee of the DAVID C.
COLLINS 1997 TRUST U/A dated 01/20/1997,

Serve at:
3876 Learning Tree Lane
Delaplane, VA 20144

                    Respondent.

Case No. 1:25-cv-03935

## [PROPOSED] JUDGMENT CONFIRMING ARBITRATION AWARD

WHEREAS, Petitioner filed a Petition on November 13, 2025 to confirm a FINRA Arbitration Award in FINRA Arbitration No. 21-02911, captioned *Mary Cecelia Collins, as Surviving Trustee of the David C. and Mary C. Collins Family Trust dated 01/20/97; Mary Cecelia Collins, as Trustee of the Mary C. Collins 1997 Trust U/A dated 01/20/1997; and Mary Ceclia Collins, as Successor Trustee of the David C. Collins 1997 Trust U/A dated 01/20/1997 v. Westside Investment Management, Inc., a California Corporation; James M. Frawley; and LPL Financial, LLC, a California Limited Liability Company* (the "Petition"); and

The Petition was served upon Respondent on November 21, 2025; and

Respondent failed to appear or to oppose the Petition, and counsel for Respondent

expressed to counsel for Petitioner that Respondent would not oppose confirmation of the FINRA

Arbitration Award; and

Petitioner filed a Motion for Default Judgment on January 13, 2026, which was duly served

upon Respondent on January 13, 2026; and

Respondent having failed to oppose Petitioner's Motion for Default Judgment;

NOW, THEREFORE, upon Petitioner's Motion for Default Judgment, it is therefore

ADJUDGED, DECREED, and:

ORDERED that Petitioner's Motion for Default Judgment is GRANTED in its entirety;

and it is further

ORDERED that the Petition is granted, the October 7, 2025 FINRA Arbitration Award

issued in FINRA Case No. 21-02911 (the "Award") is confirmed, and judgment is entered in favor

of Petitioner and against Respondent as confirming the Award in all respects.


Dated: Washington, D.C.                         By: _____
                                                    Royce C. Lamberth
_____, 2026                             United States District Judge


2